MELVIN LEONARD *vs.* LLOYD A. FIELD.

Bristol. Oct. 23. — Nov. 28, 1883. FIELD & W. ALLEN, JJ., absent.

At the trial of an action for an assault and battery, after the introduction of testimony by the plaintiff himself to show that he suffered much pain from the injuries received, and by his attending physician that he appeared to be suffering from congestion of the spine which caused pain, especially when he moved, and rendered him very sensitive to any jar, and by other witnesses to acts, conduct, and exclamations of the plaintiff indicating his condition, the presiding judge excluded the question, put to another witness, who frequently saw the plaintiff during three or four months after the injury, " Whether at these times he evinced any emotion of pain, or otherwise." *Held*, that the plaintiff had no ground of exception.

TORT for an assault and battery. At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. H. Fox*, for the plaintiff.

*L. E. White*, for the defendant.

C. ALLEN, J. After the introduction of testimony by the plaintiff himself to show that he suffered much pain from the injuries received, and by his attending physician that he appeared to be suffering from congestion of the spine which caused pain, especially when he moved, and rendered him very sensitive

to any jar, and by other witnesses to acts, conduct, and ex-
clamations of the plaintiff, indicating his condition, the presid-
ing judge might properly exclude the question put to another
witness, who frequently saw the plaintiff during three or four
months after the injury, "Whether at these times he evinced
any emotion of pain, or otherwise." This question, in the cir-
cumstances under which it was put, might naturally have elicited
a mere opinion, and it was within the discretion of the presiding
judge to admit or exclude it. We cannot see that the plaintiff
suffered any legal injury from the exercise of this discretion,
independently of the question, which we do not here discuss,
whether proof of his actually suffering severe pain could have
any legitimate bearing, except upon the question of damages.

*Exceptions overruled.*